The National City Bank of New York, recurrente, *v.* El Registrador de la Propiedad de San Juan, Sección Segunda, recurrido.

Núm. 1028.—*Sometido:* Noviembre 7, 1938. *Resuelto:* Diciembre 9, 1938.

*Fiddler, Córdova & McConnell* y *J. M. Morales,* abogados del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

Para garantizar el cumplimiento de un pagaré se otorgó una hipoteca a favor de The Bank of America National As- .

sociation of New York, la que fué inscrita a nombre del acreedor hipotecario. Luego el National City Bank en su carácter de tenedor del pagaré ejecutó la hipoteca, y la propiedad hipotecada fué inscrita libre de cargas a su nombre.

The Bank of America National Association of New York cedió, traspasó y entregó al National City Bank of New York cierta obligación garantizada con hipoteca otorgada a favor de dicha The Bank of America National Association of New York. El National City Bank como dueño y tenedor de dicha obligación ejecutó la hipoteca y adquirió en la subasta la propiedad hipotecada. Después de inscribir una escritura de ejecución y venta otorgada por un "special master" el National City Bank solicitó se cancelara la hipoteca en el registro de la propiedad. El registrador se negó a ello basándose en que la hipoteca estaba inscrita a nombre de The Bank of America National Association of New York.

■■ El artículo 79 de la Ley Hipotecaria, según fué enmendado en 1936 (Tercera Sesión Extraordinaria, Ley núm. 18, pág. 145) en un nuevo inciso 5 insertado por tal enmienda, provee que:

"(5) Las inscripciones de hipoteca serán canceladas de oficio, cuando de sucesivas inscripciones de la finca resultase que el derecho inscrito fué ejecutado y vendida en pública subasta la finca o derecho real sobre que se constituyera la hipoteca, a favor del acreedor o de otra persona; . . . . "

El registrador descansa en el artículo 20 de la Ley Hipotecaria. Podría admitirse para los fines de esta opinión, que con anterioridad a la enmienda de 1936 al artículo 79, hubiera sido necesario inscribir la hipoteca a nombre del acreedor ejecutante como cesionario del acreedor hipotecario original antes de proceder a efectuar una cancelación de oficio de la hipoteca en el registro de la propiedad. Sin embargo, de haber algún conflicto entre el artículo 20 y el 79, tal como fué enmendado, el segundo debe prevalecer como la más reciente expresión de la voluntad legislativa.

El inciso 5 del artículo enmendado autoriza la cancelación de una hipoteca en el registro de la propiedad en aquellos casos en que la hipoteca inscrita ha sido ejecutada—bien por el dueño de la hipoteca según el registro o por un dueño posterior—y la propiedad hipotecada ha sido inscrita a nombre del adquirente en pública subasta, ora tal adquirente sea el dueño de la hipoteca según el registro, o cualquiera otra persona.

 Esta interpretación no surge quizá tan claramente del texto inglés del nuevo inciso como surge de la versión en castellano, la que parece algo más inteligible, razón por la cual debe ser tomada por el original. Sea ello como fuere, en lo que concierne a cualquiera diferencia existente entre los dos textos, el castellano debe prevalecer. Véase sección 1, inciso (c) de la "Ley para determinar las reglas de hermenéutica legal aplicables en casos de discrepancia entre los textos castellano e inglés de una ley," (Núm. 8) aprobada el 12 de noviembre de 1917 (leyes de ese año, vol. II, pág. 211). Toda otra interpretación, a nuestro juicio, haría que las palabras "o de otra persona" resultaran ineficaces y carentes de sentido.

*Debe revocarse la nota recurrida y ordenarse la cancelación solicitada.*

El Juez Presidente Señor del Toro no intervino.